**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLINT MATKOVICH, an individual, | No.    17-56440 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-02057-JCG |
| v. | |
| COSTCO WHOLESALE CORPORATION, a Washington corporation, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jay Gandhi, Magistrate Judge, Presiding

Argued and Submitted March 5, 2019
Pasadena, California

Before:  FERNANDEZ and OWENS, Circuit Judges, and DONATO,[**] District Judge.

Defendant Costco Wholesale Corporation appeals from the district court's

judgment in favor of its former employee, plaintiff Clint Matkovich.  Matkovich

prevailed against Costco after a bench trial on his claims for disability

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

discrimination, failure to provide a reasonable accommodation, and failure to prevent discrimination, all under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900-12996. Costco also appeals from the district court's findings of fact and conclusions of law that preceded the judgment, as well as the two orders after the judgment denying Costco's request for additional findings and granting Matkovich's requests for attorneys' fees. Because the parties are familiar with the facts, they will not be recounted here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

The district court's findings of fact and conclusions of law are central to this appeal, and a district court's "findings of fact following a bench trial are reviewed for clear error and its legal conclusions are reviewed de novo." *Watkins v. Ameripride Servs.*, 375 F.3d 821, 824 (9th Cir. 2004) (citation omitted). Costco's main argument on appeal is that the district court erred in concluding that Matkovich was a qualified individual who could perform the essential functions of the Costco Front End Assistant job with a reasonable accommodation. Costco asserts that this could not have been a correct conclusion as a matter of law because Matkovich indisputably was restricted from lifting over 25 pounds and pushing or pulling more than 30 pounds.

The district court did not, however, specify in any of its orders the essential duties for the Front End Assistant job from which Matkovich was involuntarily

placed on leave. *See Green v. State*, 165 P.3d 118, 126 (Cal. 2007) ("[U]nder the FEHA, a plaintiff must demonstrate that he or she was qualified for the position sought or held in the sense that he or she is able to perform the essential duties of the position with or without reasonable accommodation."); *Nealy v. City of Santa Monica*, 184 Cal. Rptr. 3d 9, 21 (Cal. Ct. App. 2015) ("FEHA does not obligate the employer to accommodate the employee by excusing him or her from the performance of essential functions.").

The district court only *excluded* one listed job duty (pushing and retrieving carts from the parking area) from the essential functions of the relevant position. It did not specify which job duties affirmatively constituted the essential functions of the Front End Assistant job. As the district court noted, "[t]he identification of essential job functions is a 'highly fact-specific inquiry,'" and "[u]sually no one listed factor will be dispositive." *Lui v. City and Cnty. of S.F.*, 150 Cal. Rptr. 3d 385, 393, 398 (Cal. Ct. App. 2012). Without knowing which job duties the district court deemed to be the essential functions, we cannot say whether the district court was correct to conclude that Matkovich was a "qualified" individual who could perform the Front End Assistant job with a "reasonable accommodation."

Because the district court failed to make the specific factual findings needed to properly apply the law, we vacate the district court's judgment and post-judgment orders. The matter is remanded to the district court for clear and express

findings to be made under Federal Rule of Civil Procedure 52(a) on the issues of "essential functions" and "reasonable accommodation," and for the district court to revisit as appropriate the issue of attorneys' fees in light of the new findings. The district court may also wish to consider on remand the undisputed fact that Matkovich rejected a Major Sales position he was offered by Costco three months into his leave, and he subsequently did not respond to any of the job listings Costco sent to him.

**VACATED AND REMANDED**.